IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00044-RJC
(3:13-cr-00017-RJC-2)

| | |
|---|---|
| KALIFF CULBERTSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's § 2255 motion to vacate will be dismissed.

I.  BACKGROUND

Petitioner pleaded guilty pursuant to a written plea agreement to one count of bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2 (Count One), and one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three). In exchange for Petitioner's decision to plead guilty, the Government agreed to dismiss Count 2 which charged the offense of brandishing a firearm during and in the course of a crime of violence, in violation of 18 U.S.C. § 924(c). (3:13-cr-00017, Doc. No. 5: Bill of Indictment; Doc. No. 17: Plea

1

Agreement; Doc. No. 22: Acceptance and Entry of Guilty Plea).[1]

Following a thorough Plea and Rule 11 hearing, Petitioner's guilty pleas were accepted and his case was referred to the probation office for preparation of a presentence report ("PSR"). As is relevant to the § 2255 motion, the probation officer found that a five-level enhancement applied because a firearm was brandished or possessed during the course of the robbery. See U.S. Sentencing Guidelines Manual (USSG) § 2B3.1(b)(2)(c) (2013). The probation officer also found that Petitioner qualified as career offender pursuant to USSG § 4B1.1, based on two prior felony convictions for possession with intent to distribute marijuana. The probation officer calculated a total offense level of 31 and a Level VI criminal history category as a career offender, which yielded a Guidelines range of 188 to 235-months' imprisonment. (Id., Doc. No. 7 ¶ 90).

On March 18, 2014, Petitioner appeared with counsel for his sentencing hearing. At the outset, the Court confirmed that Petitioner had entered a knowing and voluntary plea during his Rule 11 hearing and the plea was reaffirmed. The parties then stipulated the Court could rely on the offense conduct in the PSR as the factual basis for the pleas and pleas were recorded and judgment entered.

Next, Petitioner's counsel addressed the one objection she filed that could impact the Guidelines calculation, namely, whether Petitioner qualified for a mitigating role adjustment for his role in the robbery under USSG § 3B1.2(a). This objection was overruled after the Court noted that Petitioner approached at least one teller during the

---

[1] Petitioner filed a factual basis along with the plea agreement acknowledging that the factual basis supported the entry of his guilty pleas.

robbery and that he operated the getaway car. The Court found the probation officer correctly calculated Petitioner's Guideline range as noted above, and the parties stipulated it was correct. After considering the arguments of the parties and hearing from Petitioner and his family, the Court consulted the Guidelines and the sentencing factors in 18 U.S.C. § 3553(a), and sentenced Petitioner to 200-months' imprisonment on Count 1 and a concurrent term of 120-months on Count 2. (Id., Doc. No. 52: Judgment).

On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting that he had not discovered any meritorious grounds for appeal, but nevertheless he questioned whether Petitioner's trial counsel was ineffective for, among other reasons, not challenging the five-level brandishing enhancement. Petitioner filed a pro se supplement brief in which he argued this Court erred in applying the five-level enhancement. The Court declined to reach the merits of the ineffective assistance of counsel claims after noting that ineffectiveness did not appear conclusively established by the record. The Court also reviewed Petitioner's pro se claim and found that he had not presented a meritorious claim regarding the five-level enhancement. Petitioner's judgment was affirmed. See United States v. Culbertson, 585 Fed. App'x 167 (4th Cir. 2014) (unpublished).

In this collateral proceeding, Petitioner raises claims of ineffective assistance of trial and appellate counsel and he again challenges the five-level brandishing enhancement. Petitioner's claims will be addressed herein.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings,

sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court finds this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison,

4

724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

      A.      Brandishing enhancement

Petitioner first argues that his Sixth Amendment right to a jury trial was violated because the facts necessary to support the five-level enhancement were not admitted by him nor were they proven beyond a reasonable doubt. Consequently, Petitioner contends he is serving an illegal sentence. (3:15-cv-00044, Doc. No. 1-1: Petitioner's Mem. at 4-5.[2] Petitioner cites Apprendi v. New Jersey, 530 US. 466 (2000) and Alleyne v. United States, 133 S. Ct. 2151 (2103), to support this argument.

In Apprendi, the Court held that any fact that "increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Apprendi, 530 U.S. at 483 n.10. In particular, the Court found that any fact that increases the statutory maximum punishment for a crime must be found by a jury beyond a

---

[2] Petitioner stipulated in his plea agreement that the Court would consider the Guidelines in determining his sentence. (3:13-cr-00017, Doc. No. 17: Plea Agreement ¶ 6).

5

reasonable doubt. Id. (emphasis added). Petitioner's reliance on Apprendi is misplaced because he was not convicted of brandishing a firearm during and in relation to a crime of violence, as prohibited by 18 U.S.C. § 924(c), thus he was not subject to a sentencing enhancement for conviction of that offense.[3]

In Alleyne, the defendant was convicted by a jury of robbery affecting interstate commerce, among other offenses, in violation of 18 U.S.C. 1951(a), and using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).[4] The probation officer prepared a presentence report and recommended a seven-year sentence based on a finding that Alleyne brandished the firearm during the robbery. Alleyne objected contending that the jury verdict form made it plain that they did not find beyond a reasonable doubt that he brandished the firearm during the robbery. The sentencing court overruled Alleyne's objection after concluding that whether he brandished the firearm was a question of fact to be resolved by the court in determining the applicable enhancements under the Guidelines, citing Harris v. United States, 536 U.S. 545 (2002).

In Harris, the Court held that there was no Sixth Amendment violation of a right to a jury trial when a sentencing court found facts that increased the defendant's mandatory minimum sentence for a crime. Alleyne, 133 S. Ct. at 2155. In overruling

---

[3] As noted, Petitioner was indicted for a § 924(c)(1)(A)(ii) offense, however this charge was dismissed by the Government pursuant to the terms of the plea agreement.
[4] Section 924(c)(1)(A) provides for a term of (i) five years in prison upon conviction if the defendant carried the firearm during the commission of a crime of violence, which increases to not (ii) less than seven years if the defendant brandished the firearm during the underlying offense, and not (iii) less than ten years if the firearm was discharged during the commission of the offense.

Harris, the Alleyne Court found that the Sixth Amendment right to a jury trial was violated because "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Id.

Again, Petitioner's argument here is misplaced because although he was charged with brandishing a firearm under § 924(c)(1)(A)(ii), this charge was dismissed pursuant to his plea agreement, and the Court observes in any event that Petitioner's five-level enhancement for brandishing did not alter the statutory term for his robbery conviction which was not more than 25 years under 18 U.S.C. § 2113(a), with no statutory minimum. (3:13-cr-00017, Doc. No. 33: PSR ¶ 89).

Based on the foregoing, the Court finds that Petitioner has failed to state a claim of ineffective assistance of counsel and this claim will be dismissed.

B.     Validity of prior convictions

Petitioner next argues that his counsel was ineffective in failing to investigate the validity of the drug offenses that were relied upon to support his designation as a career offender. (Petitioner's Mem. at 8).

At sentencing, the Court found that Petitioner qualified as a career offender based on two prior felony drug convictions which he sustained in Georgia. The first was for possession of marijuana with intent to distribute for which he was sentenced to five years; and the second was also for possession of marijuana with intent to distribute for which he was given a 6-year term of imprisonment. (PSR ¶¶ 50, 60, 61).

As is relevant here, in order to be sentenced as a career offender, Petitioner must have been 18 years old when he committed a crime of violence (Count 1: bank robbery in

7

violation of § 2113), and he must have two prior convictions for a controlled substance offense. See USSG §§ 4B1.1. A controlled substance offense is defined as any drug offense that is defined under federal or state law for which a defendant could have been sentenced to more than one year. Id. § 4B1.2(b).

Interestingly, Petitioner does not deny that he committed the Georgia drug offenses; but rather he appears to contend that had counsel conducted an investigation into the validity of the offenses then he may have been subject to a lesser sentence because counsel may have determined that the convictions were erroneously obtained or otherwise did not serve as predicate offenses under USSG § 4B1.1. This argument fails for two reasons. First, the Court found the information contained in the PSR was reliable, and second, Petitioner admitted during his sentencing hearing that he had been convicted of the charged offenses and the offenses unquestionably satisfy the requirements of Section 4B1.1.

    C.    Appellate counsel

Petitioner contends that his appellate counsel was ineffective because he did not challenge the application of the five-level brandishing enhancement and because he failed to argue the Court erred in applying it. (Petitioner's Mem. at 10-11).

The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a

reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). Appellate counsel "is entitled to a presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

This argument fails, first and foremost, because Petitioner's appellate counsel did challenge the application of the brandishing enhancement, albeit through a claim of ineffective assistance of counsel. However, counsel was constrained to concede that failure of trial counsel to present such a challenge was not unreasonable because the enhancement was applicable because the Guidelines do not require that Petitioner actually brandish or possess the firearm; instead the Guidelines look to whether the firearm was brandished or possessed during the offense, no matter the offender. See Appellant's Brief (Doc. No. 15) at 9-10, United States v. Kaliff Culbertson, No. 14-4293 (4th Cir. 2014).

Petitioner also renews his contention that brandishing is an element of the offense, but again, Petitioner's sentence was not subject to a statutory enhancement under § 924(c)(1)(A)(ii) because that charge was dismissed.

D.   District Court error

Once again, Petitioner argues that the Court erred in applying the five-level

9

enhancement, but as has been explained herein, Petitioner's sentencing enhancement was based on the fact that a gun was brandished or possessed during the robbery, no matter who handled or brandished the gun, and not on the statutory enhancement under § 924(c)(1)(A)(ii). (Petitioner's Mem. at 13-14). Moreover, the Fourth Circuit rejected Petitioner's pro se challenge to the enhancement therefore Petitioner is precluded from renewing this argument in a collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding the law of the case doctrine forecloses litigation of issues expressly or impliedly decided by the appellate court) (internal citation omitted).

IV.   CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural

ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: June 24, 2016

Robert J. Conrad, Jr.
United States District Judge